**The Bronx Defenders**

**Redefining public defense.**

July 28, 2022

*VIA ECF*

Hon. P. Kevin Castel
United States District Judge
500 Pearl St, Courtroom 11D
New York, NY 10007-1312

*Application Granted
SO ORDERED
[signature], USDJ
7-28-22*

    Re:    *Moscoso v. Joyce*, 22-cv-6272-PKC

Dear Judge Castel,

I represent Petitioner Mr. Elmer Moscoso in his petition for a writ of habeas corpus filed on July 24, 2022, and currently pending before this Court. We respectfully move the Court to grant leave to file one additional exhibit in support of the petition under partial seal with the proposed redactions: Exhibit D, the Immigration Judge's written decision on Mr. Moscoso's custody redetermination. The government takes no position on the request to seal, but disagrees with the characterization of Mr. Moscoso's criminal history as set forth in this letter.

In assessing whether to grant a motion to file under seal, the Court must determine the weight of the presumption of access to information and subsequently balance competing considerations against it, including the "privacy interests of those resisting disclosure." *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1050 (2d Cir. 1995). The request should be narrowly tailored to serve the purpose justifying the sealing. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

There is good cause to grant leave to file this exhibit with the proposed redactions, which are narrowly tailored to balance the presumption of access to information with Mr. Moscoso's privacy interests. The Immigration Judge's written decision contains one paragraph that describes in detail unsubstantiated allegations from a police report. All allegations related to the alleged 2019 incident described by the Immigration Judge were dismissed, and the allegations related to the June 2020 incident were never proven. *See* Verified Petition, ECF No. 1, at ¶ 21.

This paragraph infringes upon Mr. Moscoso's interest in avoiding the publicization of unproven and uncorroborated allegations. *See* Verified Petition, ECF No. 1, at ¶¶ 69-75 (elaborating on the nature of Mr. Moscoso's interest); *cf.* N.Y. C.P.L. § 160.50(1) (recognizing this interest by ordering the sealing of criminal proceedings that terminated in favor of the accused). This Court has previously sealed police reports whose truth was contested. *See In re Pishevar*, No. 1:19-MC-0503(JGK)(SDA), 2020 WL 1862586, at *6 (S.D.N.Y. Apr. 14, 2020). In so holding, the court recognized that police reports were encapsulated by the Second Circuit's decision to protect "files that might serve as reservoirs of libelous statements for press consumption." *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 146 (2d Cir. 1995). The Circuit has further recognized that

preliminary police reports are susceptible to "biases." *Francis v. Gonzales*, 442 F.3d 131, 143 (2d Cir. 2006). They are not "meant to serve an evidentiary function." *United States v. Juwa*, 508 F.3d 694, 701 (2d Cir. 2007) (citations and quotation marks omitted).

Redactions are appropriate to protect Mr. Moscoso's interest in light of the presumption of access to information. The redactions, which only apply to one paragraph of the Immigration Judge's decision, prevent disclosure of the unsubstantiated criminal allegations and particularly the uncorroborated details that appear only in the preliminary police report. The redactions still disclose the preliminary charges that Mr. Moscoso faced and his plea agreement; as such, they permit the public to view the Immigration Judge's decision and reasoning.

Thank you for your consideration of this submission.

                Respectfully submitted,

                */s/ Kshithij Shrinath*
                Kshithij Shrinath
                Jessica Swensen
                THE BRONX DEFENDERS
                360 East 161st Street
                Bronx, New York, 10451