UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ELMER MOSCOSO,

Petitioner,

22-cv-6272 (PKC)

-against-

OPINION AND ORDER

WILIAM JOYCE, ET AL.,

Respondents.

------------------------------------------------------------x

CASTEL, U.S.D.J.:

For approximately fourteen months, Elmer Moscoso has been in the custody of

U.S. Immigration and Customs Enforcement ("ICE").  He petitions for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 challenging his detention under 8 U.S.C. § 1226(a).  The petition

principally alleges that he has been denied his Fifth Amendment due process right to a bond

hearing before an immigration judge where the government would bear burden of proving by

clear-and-convincing evidence that he was a danger to the community or a flight risk.

Moscoso's removal order became administratively final in December 2022.

Unless the Second Circuit issues a stay of his removal, his detention is currently authorized

under 8 U.S.C. § 1231(a), the portion of the statute that governs detention of noncitizens who

have administratively final removal orders and who have entered the removal period.  Examined

under section 1231(a), the government asserts that the Court would not have the judicial

authority to grant the petition at this juncture.  If a stay of removal does issue, however, the

authority for his detention reverts to section 1226(a).  Viewed through the lens of section

1226(a), Moscoso's petition has possible merit.

As of the date of this order, the Circuit has not stayed Moscoso's removal, and his detention is therefore governed by section 1231(a).  Consequently, the court is not currently positioned to address the merits of the petition regarding detention under section 1226(a).  Nevertheless, the Court rejects the argument of the government that the petition is moot.  Moscoso has filed a motion requesting a stay of removal from the Second Circuit, and the parties agree that it is possible a stay may issue.  Indeed, the government advised the Court by letter of February 10, 2023, that it has requested expedited decision on the stay motion.  (Dkt. 34)

Moscoso's petition to this Court will be stayed for the earliest of 30 days from this Opinion and Order or five days after a ruling by the Second Circuit on his application for a stay of removal.

BACKGROUND

As relevant here, on November 8, 2021, ICE arrested Moscoso and initiated removal proceedings against him.  (Dkt. 1 ¶¶ 19, 23) ("Petition" or "Pet.")  On March 4, 2022, the immigration judge held a hearing on Moscoso's application for relief from removal.  (Pet. ¶ 34)  In an order of March 30, 2022, the immigration judge denied the request and ordered Moscoso removed.  (Dkt. 16)  Moscoso timely appealed the decision to the Board of Immigration Appeals ("BIA"), but briefing on this appeal was suspended for approximately two months because the transcript of the merits hearing could not be located.  (Pet. ¶¶ 34, 35) (See also Charles Dec. ¶ 28) (Dkt. 20)  The BIA ultimately dismissed the appeal on December 5, 2022.  (Dkt. 27 at 1)  On December 8 Moscoso filed a petition for review of this decision with the Second Circuit, and on December 12 he filed a motion for a stay of removal.  (Id.)  The government has filed an opposition to the request for stay of removal.  See Opp'n to Mot. for Stay of Removal, Moscoso Guerra v. Garland, No. 22-6553, Dkt. 19 (2d Cir. Dec. 21, 2022).

At the time of his arrest, Moscoso received a notice of custody determination informing him that ICE would keep him in custody under section 1226(a) pending the outcome of the removal proceedings.  (Pet. ¶ 23) (See also Charles Dec. ¶ 11)  On January 11, 2022, Moscoso requested a bond hearing to challenge his custody determination, and a hearing was held on February 22, 2022.  (Pet. ¶¶ 28, 31)  The immigration judge denied bond during the hearing, and a written decision issued on March 31, 2022.  (Pet. ¶¶ 31, 32)  The immigration judge found that Moscoso "did not meet his burden of proof to establish that he does not pose a danger if released."  (Dkt. 8 at 5)  The bond determination was timely appealed to the BIA.  (Pet. ¶ 33)  On August 9, 2022, the BIA affirmed the decision of the immigration judge, agreeing that Moscoso had failed to meet his burden to establish he did not present a danger to the community. (Charles Dec. ¶ 27)

Petitioner filed this petition on July 24, 2022, while his merits appeal to the BIA was suspended and his bond determination appeal was pending.  (Dkt. 1)

DISCUSSION

Moscoso petitions for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the constitutionality of his detention.  He argues that while detained under 8 U.S.C. 1226(a) he was given a bond hearing where the burden was placed on him to show he was not dangerous. But there is ample case law from this district, including from the undersigned, holding that the due process guarantees of the Fifth Amendment require that at bond hearings for individuals detained under section 1226(a) it is the government who bears the burden of proof.  See, e.g., Quintanilla v. Decker, 21 Civ. 417 (GBD), 2021 WL 707062, at *3 (S.D.N.Y. Feb. 22, 2021) (Daniels, J.) (collecting cases).  This Court, like others, has held that in these proceedings the

government must make a showing by clear and convincing evidence.  Nolasco Rodriguez v.

Decker, No. 20 Civ. 4118 (PKC), 2020 WL 3618990 at *2 (S.D.N.Y. June 30, 2020) (Castel, J.).

The government argues that the Court cannot reach the merits of this claim.  It

argues that Moscoso is no longer held under section 1226(a), the statute that governs individuals

who have pending removal proceedings and that was relied upon in his petition.  It asserts that

because his case is administratively final, he is now held under section 1231, which governs

detainment of those ordered removed.  Accordingly, it is argued, the habeas petition for section

1226(a) relief should be considered moot.  (Dkt. 30)  Unlike section 1226, section 1231 does not

have the same provisions regarding the necessity of a bond hearing:  As represented at the

hearing before this Court, the government's position is that Moscoso will be entitled to bring

another habeas action if he is held for more than six months under section 1231.  The

government argues, alternately, that if Moscoso is returned to detention under section 1226(a), he

would be entitled to start from scratch by re-filing his current petition and beginning the process

anew.

The Court rejects the government's assertion that Moscoso's petition is moot.

The government concedes that even under its own theory petitioner may be returned to detention

under 1226(a) if a stay of removal is granted.  The government has also informed the Court that

the question discussed below—whether the forbearance policy operating in this Circuit is a stay

for the purposes of section 1231(a)—has been briefed and is awaiting argument before the

Second Circuit.[1]  Because the stay issue is pending before the Circuit and the government has

requested expedited review of Moscoso's motion for a stay, the issue is not moot.

---

[1] See Doe v. Decker, 21 Civ. 5257 (LGS), 2021 WL 5112624 (S.D.N.Y. Nov. 3, 2021), appeal docketed, No. 22-489
(2d. Cir. Mar. 9, 2022).

The central question before the Court is which statute currently governs Moscoso's detention.  Looking to the plain language of the relevant statutes, the Court concludes that, at least for the moment, Moscoso is held under section 1231(a).

Different sections of the INA apply to detention at different stages of removal. Section 1226(a) applies to noncitizens arrested and "detained pending a decision" on removal.  8 U.S.C. § 1226(a).[2]  Section 1226(a)(2) generally allows those detained under this provision to "apply for release on bond or conditional parole."  Johnson v. Guzman Chavez, 141 S. Ct. 2271, 2280 (2021).  The applicant "must show that he does not pose a danger to the community and that he is likely to appear for future proceedings."  Id. at 2281.  If the Department of Homeland Security denies this application, the detainee may request a bond hearing before an immigration judge, and the decision there is appealable to the BIA.  Id.  As noted above, district courts in this Circuit have repeatedly held that at this bond hearing "the Due Process Clause requires the Government to bear the burden of proving, by clear and convincing evidence, that the noncitizen poses a risk of flight or danger to the community."  Quintanilla, 2021 WL 707062, at *3.

In contrast, section 1231(a) governs detention of those noncitizens "ordered removed" and who have therefore entered what the statute terms the "removal period."  8 U.S.C. § 1231(a)(1)(A).  The removal period is "a period of 90 days" during which "the Attorney General shall remove the alien from the United States."  Id.  The period "begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

---

[2] The opinion uses the term "noncitizen" in place of the statutory term "alien."  See Barton v. Barr, 140 S. Ct. 1442, 1446 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

Id. § 1231(a)(1)(B).  During this 90-day period, the noncitizen "must be detained," but "[a]fter that time elapses" the statute "provides only that certain [noncitizens] 'may be detained' while efforts to complete removal continue."  Jennings v. Rodriguez, 138 S. Ct. 830, 843 (2018); see 8 U.S.C. §§ 1231(a)(2), (a)(6).  "[I]f removal is not reasonably foreseeable . . . continued detention [is] unreasonable and no longer authorized" by section 1231.  Zadvydas v. Davis, 533 U.S. 678, 699–700 (2001).  The Court in Zadvydas held that the "presumptively reasonable period of detention" in this context was six months.  533 U.S. at 701.

The text of section 1231(a) is clear:  The removal period begins, and therefore a noncitizen is detained under section 1231, when the order of removal is administratively final. The order becomes "administratively final" once it is affirmed by the BIA.  The only relevant exception is where there is a petition for review of the removal order and the appellate court "orders a stay of the removal."[3]  In that circumstance, the removal period instead commences upon a final order from the reviewing court.  Prior to this order, the noncitizen remains "detained pending a decision" on removal and is held under section 1226(a).  Where a stay is granted, a detainee may enter the removal period more than once—when the BIA affirms and then later when the Circuit affirms—with the statutory authority governing his detention likewise shifting.

---

[3] It is undisputed that that subsection (iii) has no bearing on this action.

It is uncontested that Moscoso's removal order became administratively final when the BIA dismissed his appeal on December 5, 2022.  On December 6, 2022, therefore, Moscoso had entered the removal period and he was detained under 1231(a).  Moscoso has filed a petition for review of the BIA removal order at the Second Circuit and has moved for a stay of removal—but as of this opinion, no action has been taken on that motion.  As the Circuit has not ordered a stay, the plain reading of the statutory text requires a determination that Moscoso remains detained under section 1231(a).

Moscoso argues that this court should nevertheless find that the requirement of a stay in section 1231(a)(1)(B)(ii) has been satisfied here by the operation of the "forbearance policy" in effect in the Second Circuit.  See In re Immigr. Petitions for Rev. Pending in U.S. Ct. of Appeals for Second Cir., 702 F.3d 160, 162 (2d Cir. 2012).  Under this policy, the Department of Justice and DHS have made a "voluntary decision" that noncitizens with a petition for review and a motion for stay of removal pending before the Second Circuit will not be removed.[4]  (Dkt. 33-1 at 4)  As this policy is a bar to Moscoso's removal, he argues there is no real difference between his situation and one where a stay has been granted.

Courts of this district have been sympathetic to this argument and have variously described the forbearance policy as "in function" and "amount[ing] to" a stay.  See, e.g., Fajardo v. Decker, 22 Civ. 3014 (PAE), 2022 WL 17414471 at *8 (S.D.N.Y. Dec. 5, 2022) ("In function, therefore, a stay is in place, imposed not by the Court, but, anticipatorily by the Government"); Rodriguez Sanchez v. Decker, 431 F. Supp. 3d 310, 314 (S.D.N.Y. 2019) ("[T]he overwhelming

---

[4] The Court notes that the origins of this policy date back to at least 1995.  (Dkt. 33-1 at 2)  At that time, filing a petition for review triggered an automatic statutory stay of removal.  See U.S.C. § 1105(a)(3) (1994).  In 1996, Congress "repealed the presumption of an automatic stay" of removal—and added the detention and removal procedures now found in sections 1226 and 1231—as part of plan "to allow for more prompt removal."  Nken v. Holder, 556 U.S. 418, 424 (2009).

majority of courts in this Circuit have found that the forbearance agreement amounts to a court ordered stay of the removal . . . ." (internal quotation marks omitted)).

But this Court respectfully disagrees.  The forbearance policy is fundamentally different from a stay and does not meet the statutory requirement of a court-ordered stay.  The filing of a petition for review and requesting a stay is an insufficient basis under the statute.  The order of removal ceases to be final only "if a court orders a stay of the removal."  8 U.S.C. § 1231(a)(1)(B)(ii).  The statute is clear about regarding the actor required, i.e., "a court."

Unlike the across-the-board application of a forbearance policy, applicable during all petitions for review of an order of removal, "[a] stay is not a matter of right," but instead "an exercise of judicial discretion."  Virginian Ry. Co. v. United States, 272 U.S. 658, 672 (1926). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  Nken v. Holder, 556 U.S. 418, 433–34 (2009).  "The propriety of its issue is dependent upon the circumstances of the particular case."  Virginian Ry. Co., 272 U.S. at 672–73.  The standard is a four-factor test: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  The same standard applies to "courts of appeals considering a petition for review of a removal order" who seek to "prevent that order from taking effect and therefore block removal while adjudicating the petition."  Nken, 556 U.S. at 425 (rejecting government argument that a "stay" in this context was simply a form of injunction and therefore controlled by a provision governing injunctions).

In their briefing on the motion to stay removal before the Second Circuit, both parties acknowledge that Nken and the stay factors apply to Moscoso's request.  See Moscoso Guerra v. Garland, No. 22-6553, Dkt. 8, 19 (2d Cir.).  But under the forbearance policy, there has been no individualized assessment of whether Moscoso has made a "strong showing that he is likely to succeed on the merits" of his petition for review.  There has been no determination regarding irreparable injury; the prospect of removal alone does not suffice.  See Nken, 556 U.S. at 435 ("It is accordingly plain that the burden of removal alone cannot constitute the requisite irreparable injury.").  These are "critical" factors in the review of a stay application.  Id. at 434. Here, there has been no exercise of judicial discretion regarding Moscoso, and his burden to show circumstances justify exercise of that discretion has not been tested.

Regardless of its practical impact, the forbearance policy is not a court-ordered stay.  As section 1231(a)(1)(B)(ii) operates only where a court-ordered stay has issued, and as there is currently no stay of the removal order, Mosocoso's removal period began when the BIA rejected his merits appeal.  He is detained under 1231(a).

The government submitted a letter to the court stating it has requested expedited review on the pending motion for stay of removal before the Second Circuit.  (Dkt. 34 at 2) Moscoso has filed a statement of non-opposition.  (Dkt. 36)  The Court will accordingly stay final decision on Moscoso's petition for no less than 30 days; the stay will be lifted if the Second Circuit grants the motion for a stay of removal.

CONCLUSION

The Court expresses no view on the strength of Moscoso's petition for review of the order of removal or any other factor relevant to his stay application.  Moscoso's petition to

this Court is stayed for the earliest of 30 days from this Opinion and Order or five days after a

ruling by the Second Circuit on his application for a stay of removal.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       February 15, 2023